IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOY OWEN WRIGHT,                 )
Administratrix of the Estate     )
of Odell Oliver Owen,            )
                                 )
                Plaintiff,       )
                                 )
    v.                           )         1:18CV63
                                 )
SOUTHERN HEALTH PARTNERS, INC.,  )
et al.,                          )
                                 )
                Defendants.      )
```

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Joy Owen Wright filed this action as administratrix of the estate of Odell Oliver Owen ("Owen"), a former inmate at the Randolph County Jail. Plaintiff alleges that Owen was not provided proper medical care and that, as a result, Owen passed away following his release. (Complaint ("Compl.") (Doc. 1) ¶¶ 145-54.) Defendants North Carolina Department of Health and Human Services ("DHHS") and Mandy Cohen, in her official capacity as Secretary of DHHS, have moved to dismiss the claims in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).[1] (Doc. 34.)

---

[1] All other Defendants filed answers to the complaint. (See Docs. 31, 33.)

Plaintiff has filed a response and the matter is now ripe. For the reasons described herein, this court finds Defendants' motion to dismiss should be granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A brief summary of the key facts is set forth below, and additional facts will be addressed as necessary within this opinion.

The Complaint alleges generally that Owen was convicted of driving with his license revoked in April 2013 and received a suspended sentence. (Compl. (Doc. 1) ¶ 71.) On February 6, 2015, Owen appeared in Randolph County District Court to respond to allegations that he had violated the conditions of his probation. (Id. ¶¶ 73, 75.) According to the Complaint, Owen's attorney presented a letter from Owen's doctor stating that Owen suffered from medical conditions and was not able to tolerate imprisonment. (Id. ¶¶ 76–78.) Nevertheless, according to Plaintiff, the presiding judge ignored that letter, revoked Owen's probation, and imposed a sentence of thirty days' confinement. (Id. ¶ 79.) Owen was taken into custody and sent to the Randolph County Jail where, according to Plaintiff, he was placed in solitary confinement. (Id. ¶ 80.)

Plaintiff alleges that Owen received inadequate medical treatment for diabetes and other issues[2] at the jail and suffered a stroke. (See generally id. ¶¶ 83-143.) Upon his release from the Randolph County Jail and within a "medically significant period," Owen collapsed, fell, and "suffered massive head injury" which resulted in Owen's death. (Id. ¶¶ 152-53.)

Plaintiff brings a number of claims against DHHS and Cohen. The first claim for relief requests an injunction or prohibitory order:

> [t]o eliminate systematic and structural defects in the system of delivery of medical care to prisoners and detainees in North Carolina's local confinement facilities . . . ; [t]o provide for clear channels of responsibility . . . consistent with the mandates of the United States Constitution . . . ; [t]o provide clear and direct avenues for recovery . . . ; and [t]o eliminate, punish and discourage profiteering at the expense of prisoners' and detainees' constitutional rights.

(Id. ¶ 161.) Plaintiff's second claim for relief is entitled "Official Capacity Claims against State of North Carolina" and requests damages in excess of $75,000.00 for "[t]he failure and refusal of the North Carolina State defendants to perform their oversight and policy-making duties . . . ." (Id. ¶¶ 165, 168.) Plaintiff's eighth claim for relief is entitled "Negligent

---

[2] Plaintiff alleges specifically that medical personnel improperly failed to administer medication on numerous occasions when Plaintiff registered abnormally high blood sugar levels.

Supervision" and alleges that DHHS and Cohen knew the system of providing medical care to prisoners at the Randolph County Jail was inept and that DHHS and Cohen "failed to take timely action to eliminate the perils and risks to confinees," causing damage to Plaintiff. (Id. ¶¶ 196-206.) The eleventh and twelfth claims for relief allege false imprisonment and torture and intentional infliction of emotional distress, respectively. (Id. ¶¶ 218-30.) The thirteenth claim for relief sets out a claim against DHHS and Cohen pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 231-34.) Plaintiff further alleges claims for medical malpractice (sixteenth claim for relief), cruel and unusual punishment in violation of the Eighth Amendment (seventeenth claim for relief), and wrongful death (eighteenth claim for relief). (Id. ¶¶ 239-55.)

Defendants DHHS and Cohen moved to dismiss the claims against them and filed a brief in support of their motion. (Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem.") (Doc. 35).) Plaintiff responded opposing the motion. (See Docs. 43, 44.)

## II. **ANALYSIS**

While Defendants DHHS and Cohen raise several possible grounds for dismissal, most of their briefing relates to two main arguments. First, Defendants contend that "the Eleventh Amendment to the United States Constitution and the doctrine of

-4-

sovereign immunity bar each of Plaintiff's claims against DHHS and Cohen." (Defs.' Mem. (Doc. 35) at 6.) Second, Defendants argue that Plaintiff's statutory claim "under N.C. Gen. Stat. § 153A-216, et seq., is based upon a flawed and untenable interpretation of the statute," (id. at 9), because Defendants did not owe a duty of care to Owen and because the claims are barred by the public duty doctrine. (Id. at 10-12, 14-18.)

Plaintiff filed an opposition to the motion to dismiss and a supporting memorandum. (See Docs. 43, 44.) Plaintiff, contrary to the allegations in the Complaint, now "disclaims prayers for monetary and retrospective injunctive relief against Movants." (Mem. of Law in Opp'n to Mot. to Dismiss ("Pl.'s Resp. Br.") (Doc. 44) at 9.) As a result, this court finds that Plaintiff has conceded that all claims for monetary relief are subject to dismissal.

Plaintiff fails to respond on the merits to the bulk of Defendants' arguments, instead relying upon inapplicable authority such as the United Nations General Assembly's Standard Minimum Rules for the Treatment of Prisoners to suggest the presence of some international norm against placing prisoners in

solitary confinement.[3] (See id. at 4–8.) Plaintiff fails to explain how those rules are relevant to this case or to any claims in this court. Plaintiff also cites to two inapplicable cases relating to judicial review. (See id. at 9.) As a result, this court finds that Plaintiff has generally failed to address the majority of the arguments advanced by Defendants, particularly the argument that Plaintiff's claims are subject to dismissal under the doctrine of sovereign immunity.[4]

"[A] party's failure to address an issue in its opposition brief concedes the issue." Oliver v. Baity, 208 F. Supp. 3d 681, 690 (M.D.N.C. 2016); see also Ostergren v. Vill. of Oak Lawn, 125 F. Supp. 2d 312, 323 (N.D. Ill. 2000) ("[T]he Court concludes that the Plaintiffs have effectively waived this claim

---

[3] Plaintiff further attempts to argue that, notwithstanding the lack of any existing North Carolina legal requirement "that a judge . . . take the defendant's medical condition into account . . . in determining how to deal with sentencing," this court should nevertheless mandate that DHHS reevaluate its procedures "to meet the Nelson Mandela rules." (Pl.'s Resp. Br. (Doc. 44) at 7–8.) However, as Plaintiff correctly observes, the Eighth Amendment to the United States Constitution, not any international norm or treaty, provides the standard for prisoner treatment in this country. (Id. at 9.)

[4] Plaintiff does argue that sovereign immunity is inapplicable to any requested injunctive relief. (Pl.'s Resp. Br. (Doc. 44) at 10.) Ex Parte Young abrogates immunity for a state official in the case of injunctive relief, see 209 U.S. 123, 159–60 (1908), but Plaintiff still must show a continuing injury (as addressed further herein).

by failing to properly address it in response . . . ."). However, even when a motion to dismiss is unopposed, "the district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Here, Plaintiff has not responded to several issues raised by DHHS and Cohen and Plaintiff acknowledges that this case, while different in some respects[5], is a companion case to one previously decided by this court. (Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") (Doc. 43) at 1); see also Gunter v. So. Health Partners, Inc., No. 1:16CV262, 2017 WL 1194227, at *1 (M.D.N.C. Mar. 30, 2017). Therefore, this court will only briefly address the controlling issues raised by DHHS and Cohen and previously addressed by this court's opinion in Gunter.

As noted above, DHHS and Cohen argue that Eleventh Amendment sovereign immunity bars Plaintiff's claims. (Defs.' Mem. (Doc. 35) at 6.) This court agrees in large part and finds that, while the State has waived sovereign immunity as to

---

[5] Although Plaintiff alleges generally that this case is different from Gunter, Plaintiff fails to point to any specific factual or legal distinction between the role of DHHS and Cohen here and that of DHHS and Rick Brajer in the Gunter case. This issue will be more fully addressed in the discussion of Plaintiff's argument regarding N.C. Gen. Stat. § 153A-221 et seq.

-7-

Plaintiff's negligence claims, under North Carolina law those claims must be pursued before the Industrial Commission and are therefore subject to dismissal for the reasons stated in Gunter. See 2017 WL 1194227, at *4-5. This court further finds that, "[b]ecause the State has not waived sovereign immunity for intentional torts by action of the Tort Claims Act or other statute," as alleged in Plaintiff's complaint, Plaintiff's intentional tort claims must be dismissed pursuant to the doctrine of sovereign immunity. Id. at *5.

Plaintiff concedes that she may not assert a claim for monetary damages against the State pursuant to 42 U.S.C. § 1983, (see Pl.'s Resp. Br. (Doc. 44) at 9), and this court agrees. All claims for monetary damages will be dismissed. See Gunter, 2017 WL 1194227, at *6. Nevertheless, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (internal quotation marks and citation omitted). Therefore, Plaintiff's claim requesting an injunction pursuant to 42 U.S.C. § 1983 is not subject to dismissal solely on grounds of sovereign immunity.

However, all of Plaintiff's claims for injunctive relief and, relatedly, any claims based upon N.C. Gen. Stat. § 153A-221 et seq., must still be dismissed. First, the fact that Owen was released from custody moots any claim by Owen, or another party acting on his behalf, for injunctive relief. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). Plaintiff argues that "Movants should remain in this civil action as parties, both in order to be subject to the discovery process, and to be included, if appropriate, in prospective injunctive relief that the Court may determine should be fashioned to address systemic deficiencies." (Pl.'s Resp. Br. (Doc. 44) at 2.) This court disagrees.

Plaintiff's argument suggests that Plaintiff is personally subject to some continuing injury as a result of alleged misconduct by DHHS and Cohen, which is simply not correct. To the contrary,

> [o]nce an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, . . . [there is] no further need for . . . declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (citing Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983)). Plaintiff's request for a prospective injunction as to DHHS and Cohen is simply an effort to seek a remedy on behalf of other individuals who might suffer some speculative future harm, and Plaintiff has no standing to assert such a claim. "The desire to obtain a sweeping injunction cannot be accepted as a substitute for compliance with the general rule that the complainant must present facts sufficient to show that his individual need requires the remedy for which he asks." McCabe v. Atchison, T. & S.F. R. Co., 235 U.S. 151, 164 (1914).

Second, Plaintiff argues in this case, as did the plaintiff in Gunter, that DHHS and Cohen have a "duty to establish minimum standards for local confinement facilities." (Pl.'s Resp. Br. (Doc. 44) at 3.) "[P]laintiff contends that DHHS and Secretary Cohen have failed to meet their duty to confinees in local confinement facilities by failing to specify an intake procedure to assure that the medical needs of prospective confinees can be met." (Pl.'s Opp'n (Doc. 43) at 3.) Plaintiff's state law claims are based upon N.C. Gen. Stat. § 153A-221 et seq. However, as in Gunter, this court finds that Plaintiff's claims against these

specific Defendants must be dismissed. As this court held in Gunter, while

> DHHS has a duty under North Carolina law to develop minimum standards for the operation of local confinement facilities and to visit and inspect each facility at least semi-annually. . . . § 153A-223 does not vest officials with a mandatory duty to remedy substandard jail conditions, thus "their inaction cannot be seen as a cause of those conditions and a § 1983 suit cannot be maintained against them."

Gunter, 2017 WL 1194227, at *7 (quoting Reid v. Kayye, 885 F.2d 129, 131 (4th Cir. 1989) (footnote omitted).)

For the reasons described herein, this court finds that the motion to dismiss filed by Defendants North Carolina Department of Health and Human Services and Mandy Cohen, (Doc. 34), should be granted.

**IT IS THEREFORE ORDERED** that the motion to dismiss filed by North Carolina Department of Health and Human Services and Mandy Cohen, (Doc. 34), is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims against those Defendants contained in the Complaint, (Doc. 1), are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6).

This the 12th day of March, 2019.

_____
United States District Judge